## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PROFESSIONAL ORTHOPEDIC ASSOCIATES, PA, and DR. JASON M. COHEN, M.D. F.A.C.S., as designated and authorized representative of A.L., and Patient A.L.,**<br><br>                    **Plaintiffs,**<br><br>**v.**<br><br>**QUALCARE, INC., and MERIDIAN HALTH SYSTEM, INC., a/k/a MERIDIAN AT HOME a/k/a MERIDIAN HOME CARE,**<br><br>                    **Defendants.** | Civ. No. 13-7523 (KM) (JBC)<br><br>**OPINION** |

### MCNULTY, U.S.D.J.:

The plaintiffs, Dr. Jason M. Cohen, M.D. (sometimes referred to as the "Doctor") and Professional Orthopedic Associates, PA ("POA" or the "Medical Association"), brought this action seeking to recover unpaid insurance benefits allegedly due to them as out-of-network service providers under Patient A.L.'s employer health insurance plan.[1] The complaint alleges that the defendants, Qualcare, Inc. ("Qualcare") and Meridian Health System, Inc. ("Meridian") violated Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA") by failing to remit the full amount invoiced, and Section 502(c) of ERISA by failing to produce documents relating to the insurance claims review process. Plaintiffs also seek attorneys' fees.

---

[1] Patient A.L., although named in the caption, has not appeared in this action. The Defendants state that Patient A.L. is not a plaintiff in this action (Dkt. No. 36, p. 4), and the Plaintiffs have not stated otherwise. Accordingly, the complaint is dismissed without prejudice as to Patient A.L., who may appear in his or her own right *via* an amended complaint, if appropriate.

Now before the Court are the Defendants' motions to dismiss the Amended Complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim, under Rule 12(b)(6). (Dkt. Nos. 29, 30) For the reasons set forth below, the motions to dismiss are denied.

**Factual Background**

The allegations of the complaint are as follows. Dr. Cohen is a board certified spinal surgeon licensed to practice medicine in New Jersey. (AC¶ 2)[2] Dr. Cohen is a shareholder/owner of POA, a professional medical association with offices in Tinton Falls, Toms River and Freehold, New Jersey. (*Id.* ¶ 1-3) Patient A.L., a Meridian employee, was insured under the Meridian Health Team Member Benefit Plan (the "Plan"), which was administered by Qualcare. (*Id.* ¶ 7; Taylor Decl. Ex. 1) The Plan permits subscribers to obtain healthcare services from providers who have not entered into contracts with Qualcare. (AC ¶ 11) Dr. Cohen and POA were such "out-of-network providers." (*Id.* ¶ 37)

When providing medical treatment as an out-of-network provider, POA requires all patients to sign certain documents, including an Authorization of Designated Representative ("ADR") and an Assignment of Benefits with Rights (the "Assignment"). (AC ¶ 17) These documents reflect that the patient agrees to be personally liable for all medical charges and also allegedly assign the right to seek reimbursement for medical services from the patient's insurance provider.

Patient A.L. signed the ADR on July 31, 2012. (AC ¶ 20) The ADR authorizes the Medical Association, as a "designated representative," to appeal to Qualcare in connection with services rendered by Dr. Cohen. (*Id.* ¶ 21; Ex. A) The ADR also authorizes Qualcare to disclose all medical and financial information in A.L.'s insurance file to the Medical Practice. (*Id.*)

---

[2]     The following abbreviations will be used in this opinion:

AC = Amended Complaint, Dkt. No. 26. The ADR and the Assignment, described herein, are attached to the AC as Exhibits A and B.

Taylor Decl. = Declaration of Tiffany Taylor in Support of Meridian Health System, Inc.'s Motion to Dismiss for Lack of Jurisdiction, Dkt. No. 16-4

Patient A.L. signed the Assignment on September 11, 2012. (AC ¶ 22) The Assignment states that Patient A.L.

> hereby assign[s] and convey[s] directly to Jason D. Cohen MD (the "provider(s)"), as my designated Authorized Representative(s), all medical benefits and/or insurance reimbursement, if any, otherwise payable to me for services rendered from the provider(s), regardless of the provider's managed care network participation status.

(*Id.* ¶ 22; Ex. B) The Assignment goes on to state that "I understand that I am financially responsible for all charges regardless of any applicable insurance or benefit payments." (*Id.*)

On September 14, 2012, Dr. Cohen performed spinal surgery on A.L. at Monmouth Medical Center in Long Branch, New Jersey. (AC ¶¶ 36, 41–42) Dr. Cohen allegedly obtained prior authorization for the surgery from Qualcare. (*Id.* ¶ 40) Following the surgery, on September 18, 2012, Dr. Cohen submitted a claim to Qualcare, seeking payment in the amount of $136,638.00 (*Id.* ¶ 48) On January 23, 2013, Qualcare paid Dr. Cohen $3,151.93 on that claim. (*Id.* ¶ 50) Dr. Cohen filed a First Level Appeal, asserting that the amount paid was below the usual and customary rates charged by a surgeon in New Jersey. (*Id.* ¶ 52) Qualcare denied that appeal on April 8, 2013. (*Id.* ¶ 54) Dr. Cohen filed a Second Level Appeal on May 14, 2013. (*Id.* ¶ 55) On June 24, 2013, Dr. Cohen sent a written request for all documentation used by Qualcare and Meridian in rendering its decision with respect to the claim. (*Id.* ¶ 58)[3] Three days later, on June 27, 2013, Qualcare denied the Second Level Appeal on the grounds that the payment was in accordance with the terms of the Plan. (*Id.* ¶ 59) Qualcare also informed Dr. Cohen that, following the Second Level Appeal, all administrative remedies had been exhausted and that it would not provide the requested documents. (*Id.* ¶ 61)

---

[3]    The Amended Complaint at times refers to a "Patient C.N." (See ¶¶ 57–59) This seems to be an error, perhaps carried over from a prior, similar complaint. I construe the allegations as referring to Patient A.L.

3

## Procedural History

Plaintiffs filed the complaint on December 12, 2013. (Dkt. No. 1) Qualcare answered on January 21, 2014. (Dkt. No. 15) On January 22, 2014, Meridian moved to dismiss the complaint for lack of jurisdiction, asserting that Plaintiffs lacked standing to bring the action. (Dkt. No. 16) After briefing was complete on Meridian's motion to dismiss, I ordered the motion administratively terminated. My order directed Plaintiffs either to rest on the complaint as filed, or else to file an amended complaint attaching the assignments and other documents purporting to confer standing on POA and Dr. Cohen. (Dkt. No. 25) On September 9, 2014, Plaintiffs filed an Amended Complaint attaching the ADR and Assignment as exhibits. (Dkt. No. 26) Meridian and Qualcare filed these motions to dismiss the Amended Complaint on September 30, 2014 and October 7, 2014. (Dkt. Nos. 29, 30) The motions seek dismissal of the Amended Complaint with prejudice for (1) lack of standing, under Rule 12(b)(1) and (2) failure to state a claim, under Rule 12(b)(6).

## LEGAL STANDARDS

### A. Motion to Dismiss under Rule 12(b)(1)

"A motion to dismiss for want of standing is ... properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citing *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)). Rule 12(b)(1) challenges may be either facial or factual attacks. *See* 2 MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). Where a Rule 12(b)(1) motion is filed prior to any answer, it will be considered a facial challenge to jurisdiction. *Aichele*, 757 F.3d at 358. A court considering such a

facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio–Med. Assocs., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438. The court may consider documents referred to in the complaint and attached to it, but must construe such documents, like the allegations of the complaint, in a light most favorable to the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### B. Motion to Dismiss under Rule 12(b)(6)

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Constr. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

In general, the court may only consider the complaint, exhibits attached thereto, and matters of public record on a motion to dismiss. However, the court may consider documents "integral to or explicitly relied upon in the complaint" without converting the motion to dismiss to one for summary judgment. *Hughes v. United Parcel Serv., Inc.*, __ F. App'x __, 2016 WL 386220, at *3 (3d Cir. Feb. 1, 2016).

## DISCUSSION

Defendants contend that (1) Plaintiffs lack standing to pursue a claim for benefits on behalf of Patient A.L.; (2) the Amended Complaint fails to state a claim that the payment of only part of the claimed amount violated Section 502(a) of ERISA; and (3) the Amended Complaint fails to state a claim that the failure to provide to Dr. Cohen the documents he requested violated Section 502(c) of ERISA. Should the substantive claims be dismissed, the Defendants also seek dismissal of the claim for attorneys' fees.

### A. Standing

Defendants stress that neither POA nor Dr. Cohen is a participant, beneficiary, valid assignee, or an authorized representative of such a person. It follows, they say, that Plaintiffs lack standing to assert Patient A.L.'s claims.

ERISA confers standing to bring an action to recover benefits only upon plan participants or beneficiaries. *See* 29 U.S.C. § 1132(a)(1)(b) ("A civil action may be brought...by a participant or a beneficiary...to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."). A participant is defined by the statute as "any employee...who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer...or whose beneficiaries may be eligible to receive any such benefit." *Id.* § 1002(7). A beneficiary is defined as "a person

designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8).

The United States Court of Appeals for the Third Circuit has held that a person with ERISA standing may assign his or her rights: "[H]ealth care providers may obtain standing to sue by assignment from a plan participant," and such providers, as assignees, may "assert properly assigned ERISA claims on behalf of their patients." *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 n.10 (3d Cir. 2014). Recently, the Court of Appeals held specifically that a patient's assignment of benefits to a healthcare provider is sufficient to grant the provider standing to sue for payment of those benefits under ERISA § 502(a). *N.J. Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015). And in an unpublished but persuasive follow-up decision, the Third Circuit extended that holding to an assignment of benefits that nevertheless held the patient "financially responsible for all charges regardless of any applicable insurance or benefit payments." Such a financial-responsibility provision, the Court held, does not rob the assignee of standing. *American Chiropractic Ass'n v. American Specialty Health Inc.*, 625 F. App'x 169, 175 (3d Cir. 2015) ("[A] patient's continued responsibility to pay her provider amounts not covered by the insurance carrier is not a basis to vitiate the assignment.").

Plaintiffs contend that the Assignment and ADR convey to them the rights of Patient A.L. to pursue this action. Patient A.L., who is a participant or beneficiary, assigned Plaintiffs her rights.

As to plaintiff Cohen, I agree. The Assignment provides that Patient A.L.

> hereby assign[s] and convey[s] directly to Jason D. Cohen MD (the "provider(s)"), as my designated Authorized Representative(s), all medical benefits and/or insurance reimbursement, if any, otherwise payable to me for services rendered from the provider(s), regardless of the provider's managed care network participation status.

(AC, Ex. B) Later on, the Assignment adds more specifics, providing that Patient A.L.

> hereby convey[s] to the provider(s), to the full extent permissible under the law and under any applicable employee group health plan(s), insurance policies or liability claims, any claim, chose in action, or other

7

right I may have to such group health plans, health insurance issuers or tortfeasor insurer(s) under any applicable insurance policies, employee benefit plan(s) or public policies with respect to medical expenses incurred as a result of the medical services I received from the provider(s) ... including, but not limited to (1) obtaining information about the claim to the same extent as the assignor; (2) submitting evidence; (3) making statements about facts or law; (4) making any request, or giving, or receiving any notice about appeal proceedings; and (5) any administrative and judicial actions by the provider(s) to pursue such claim, chose in action or right against any liable party or employee group health plan(s), including, if necessary, to bring suit by the provider(s) against any such liable party or employee group health plan in my name with derivative standing but at such provider(s) expenses.

(*Id.*) That is just the kind of document—an assignment of benefits, with the patient remaining financially responsible—that the Third Circuit found sufficient to confer standing in *American Chiropractic Ass'n, supra.* Because Patient A.L. explicitly assigned her benefits and reimbursement to Dr. Cohen, Cohen has standing to pursue A.L.'s claim for benefits under ERISA section 502(a).

As to Dr. Cohen, then, the Assignment confers standing to pursue Patient A.L.'s ERISA claims. Because at least one plaintiff has standing, the motion to dismiss on standing grounds is denied.[4]

---

[4]    POA is not named in the Assignment, but in the Authorization of Designated Representative. The ADR designates POA as Patient A.L.'s representative for certain purposes. It authorizes POA "to appeal to [Patient A.L.'s] insurance company, Qualcare, on [Patient A.L.'s] behalf, in the determination of services rendered by Dr. Cohen." (AC, Ex. 1) POA is not, however, empowered to collect benefits on behalf of Patient A.L. The ADR also authorizes Qualcare to disclose all medical and financial information in A.L.'s insurance file to POA. That authorization may turn out to have some relevance to the Section 502(c) claim based on nondisclosure of requested information. POA, because it seemingly pursued the appeal on behalf of Dr. Cohen, and because it was an authorized recipient of medical information, will be permitted to remain in the case as plaintiff. Its presence or absence, however, probably will make little practical difference.

## B. 502(a)(1)(B) claim for benefits

In Count 1, Plaintiffs seek payment of the remainder of Dr. Cohen's claim for medical services, amounting to $133,486.07. Defendants, they say, violated Section 502(a)(1)(B) of ERISA when they employed a flawed claims determination process and denied benefits that were due under the terms of the Plan. Defendants have moved to dismiss this count for failure to state a claim.

### 1. Meridian as a defendant

Meridian argues that it is not a proper defendant. (Meridian Br. pp. 11–12) "In a claim for wrongful denial of benefits under ERISA, the proper defendant is the plan itself or a person who controls the administration of benefits under the plan." *Evans v. Emp. Benefit Plan, Camp Dresser & McKee, Inc.*, 311 F. App'x 556, 558 (3d Cir. 2009) (citing 29 U.S.C. § 1132(a)(1)(B)). The "defining feature of the proper defendant" for such a claim is whether the party "exercise[ed] control over the administration of benefits." *Id.* Meridian claims that it had no such role in making benefit decisions.

The complaint, however, does allege that Meridian was the plan administrator. The Plan, submitted with Meridian's motion to dismiss, likewise lists Meridian as the Plan Administrator. (*See* Taylor Decl., pp. 79, 84) Of course, Qualcare is also alleged to be a plan administrator, and in far more detail. (*Compare* AC ¶¶ 12, 47 *with* ¶¶ 24–28). It is clearly alleged that Qualcare had authority or control over the administration of benefits under the Plan. *See Prof'l Orthopedic Assocs, P.A. v. Excellus Blue Cross Blue Shield*, 2015 WL 4387981, at *11–12 (D.N.J. July 15, 2015). I note also that Dr. Cohen directed his claim and appeals to Qualcare, and that the ADR refers only to appeals to Qualcare, not to Meridian.

Thus the allegations that Meridian is a proper defendant are far from overwhelming. Nevertheless, we are at the pleading stage. Out of caution, I will deny Meridian's motion to dismiss. I urge the parties to avoid the waste of party and court resources, and to promptly identify the proper party defendant.

9

With the aid of the Magistrate Judge, discovery can be structured to establish whether and to what extent Meridian controlled the administration of benefits, and I will entertain an early, targeted motion for summary judgment if appropriate.

### 2. Dr. Cohen's claim for benefits as assignee of Patient A.L.

Section 502(a)(1)(B) provides for a civil action by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). To state a claim under this section, a plaintiff must demonstrate (1) that the plaintiff has a right to benefits that is legally enforceable against the plan and (2) that the plan administrator improperly denied those benefits. *See Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012).

Reimbursement of a plaintiff's claim must be in accordance with the Plan:

> The provision allows a court to look outside the plan's written language in deciding what those terms are, *i.e.,* what the language means. But we have found nothing suggesting that the provision authorizes a court to alter those terms, at least not in present circumstances, where that change, akin to the reform of a contract, seems less like the simple enforcement of a contract as written and more like an equitable remedy.

*CIGNA Corp. v. Amara*, 563 U.S. 421, 436 (2011) (internal citations omitted).

Defendants contend that the payment of Patient A.L.'s claim complied with the Plan's terms. Providers are paid "based on the QualCare Fee Schedule for the services" provided. (Taylor Decl., Ex. 1, p. 15) That Schedule of Benefits states that out-of-network providers are reimbursed at a rate of 65% of the Fee Schedule rates, with the remainder to be paid by the patient. (*Id.* pp. 17–18)

Cohen alleges, however, that Defendants calculated benefits using an improper process, and thus violated Patient A.L.'s rights under the Plan. Dr. Cohen billed $136,638.00 for the spinal surgery, but received only $3,151.93— 2% of the amount claimed. (AC ¶¶ 48, 50–51) The complaint does not allege

merely that this amount was stingy; it alleges that it was "far below the usual and customary rates charged by a surgeon in this geographic area." (*Id.* ¶ 52) The complaint also alleges that, in support of the administrative appeal, Plaintiffs submitted a fee analysis document, explanations of benefits from other insurance companies, and an explanation of Dr. Cohen's billing procedures. (*Id.* ¶¶ 52, 56) (It says nothing further, however, about the content of those documents.)

Compensation at a rate of 2% of actual billing is perhaps suggestive of underpayment. Without full information about reasonable and customary charges, deductibles, and other factors, it is far from conclusive. A possible, plausible explanation, however, is that, as alleged in the complaint, Qualcare erred or used "flawed or inadequate data" to determine the payment amount. (*Id.* ¶ 82(b))

That issue cannot be settled based on the pleadings. Discovery is required to illuminate the basis for the calculation of benefits. Accordingly, the motion to dismiss the claim for benefits under Section 502(a)(1)(B) is denied.

### C. 502(c) claim for penalty

Section 502(c)(1) provides a statutory penalty of up to $100 per day for a plan administrator's failure to provide to a plan participant or beneficiary information that is required by the statute to be disclosed. Specifically, the statute states:

> Any administrator...who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary...by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day....

29 U.S.C. § 1132(c)(1). To state a claim under this section, plaintiffs must allege (1) that the plaintiff is a plan participant or beneficiary; (2) that the plaintiff made a written request to the plan administrator for information that falls within the scope of ERISA's disclosure requirements; and (3) that the

11

documents were not provided within thirty days of the request. *See Excellus Blue Cross Blue Shield*, 2015 WL 4387981 at \*14.

Here, it is alleged that Dr. Cohen made the request for documents, not the actual plan participant, Patient A.L. (AC ¶ 58) However, under the terms of the Assignment, Patient A.L. authorized the release of "any and all plan documents, insurance policy and/or settlement information upon written request from the provider," Dr. Cohen. (*Id.* Ex. B) The complaint alleges that Dr. Cohen sought the documents from both Qualcare and Meridian, as plan administrator. It is further alleged that no documents were provided in response to the request.

No more is required to state the elements of a 502(c) claim. The motion to dismiss the 502(c) claim is denied.

### D. Claim for Attorneys' Fees

In Count 2, Plaintiffs seek attorneys' fees under 29 U.S.C. § 1132(g)(1). That statute leaves the decision to award attorneys' fees to the discretion of the Court. *See id.* "[A] fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). It is too early to say that any party has enjoyed success on the merits. I therefore deny the motion to dismiss insofar as it may relate to attorney's fees, without prejudice to a later application in light of developments in the case.

### CONCLUSION

For the reasons stated above, the motions of Defendants Qualcare and Meridian to dismiss the Amended Complaint are denied. An appropriate order accompanies this opinion.

KEVIN MCNULTY, U.S.D.J.

Date:  February 16, 2016

12